UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Yvette Ford,

    Plaintiff,

v.                                                     Civil No. 10-3142 (JNE/AJB)
                                                     ORDER

Minneapolis Public Schools,

    Defendant.

---

Christopher J. Kuhlman, Kuhlman Law, PLLC, appeared for Plaintiff Yvette Ford.

Lateesa T. Ward, Ward & Ward PC, appeared for Defendant Minneapolis Public Schools.

---

Claiming that her employer, Minneapolis Public Schools (District),[1] took adverse action against her in violation of Minnesota's whistleblower statute, discriminated against her in violation of 42 U.S.C. § 1981 (2006), discriminated and retaliated against her in violation of Title VII of the Civil Rights of Act of 1964, and discriminated against her in violation of the Americans with Disabilities Act (ADA), Yvette Ford brought this case against the District in state court. The District removed it from state court. The case is before the Court on the District's Motion for Summary Judgment and Ford's Motion for Partial Summary Judgment. For the reasons set forth below, the Court dismisses Ford's Title VII, ADA, and § 1981 claims. The Court remands Ford's whistleblower claim to state court.

*Title VII and ADA*

The District asserts that summary judgment is appropriate on Ford's Title VII and ADA claims because Ford failed to exhaust her administrative remedies. "In order to exhaust

---

[1] According to the Answer, the defendant's name is Special School District No. 1, Minneapolis Public Schools.

1

administrative remedies, a claimant must file a timely charge of discrimination with the EEOC." *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011). "Under Title VII, an employee aggrieved by an unlawful employment practice, who 'has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice,' generally must file a charge with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 825 (8th Cir. 2009) (quoting 42 U.S.C. § 2000e-5(e)(1) (2006)); *see Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850-51 (8th Cir. 2012) (per curiam). "Under the ADA, an employee must file a charge of discrimination . . . within 300 days of the alleged discrimination." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005); *see* 42 U.S.C. § 12117(a) (2006). In this case, Ford filed a charge of discrimination with the Minneapolis Department of Civil Rights on May 5, 2009, and asked that it be filed with the EEOC. In it, Ford complained about discrimination and retaliation experienced during her time in the District's English Language Learners Department. Her final day in that department—June 30, 2008—took place more than 300 days before she filed the charge of discrimination. Consequently, Ford failed to exhaust her administrative remedies.

Ford attempts to avoid this conclusion by asserting that the District subjected her to a continuing violation. In support, Ford points to the delayed issuance of her final paycheck from her time in the English Language Learners Department. She asserts that the District provided false information to the Minnesota Department of Employment and Economic Development to render her ineligible for unemployment benefits.[2] Ford notes that she applied for many positions

---

[2] The District correctly notes that Ford has no admissible evidence to support this assertion. Ford's deposition testimony reveals that the assertion is based on inadmissible hearsay.

2

within the District and that the District did not interview her. She recounts discrimination that she has experienced in the District's Student Accounting Department[3] in 2010, 2011, and 2012. The events on which Ford relies to support her assertion of a continuing violation constitute discrete acts or relate to a work environment distinct from the one she experienced in the English Language Learners Department. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Richter*, 686 F.3d at 851-53; *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1087 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 1075 (2012); *Wedow v. City of Kansas City*, 442 F.3d 661, 670 (8th Cir. 2006); *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1037 (8th Cir. 2005). Accordingly, the Court rejects Ford's assertion of a continuing violation.[4]

Ford also maintains that the District should be equitably estopped from asserting that she failed to timely file a charge of discrimination. The "time period for filing a charge is subject to equitable doctrines such as tolling or estoppel. Courts may evaluate whether it would be proper to apply such doctrines, although they are to be applied sparingly." *Morgan*, 536 U.S. at 113 (citation omitted). "Equitable estoppel applies if a defendant actively prevents a plaintiff from suing on time . . . ." *Jenkins v. Mabus*, 646 F.3d 1023, 1027-28 (8th Cir. 2011); *see Henderson*, 403 F.3d at 1033; *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995).

---

[3] In September 2008, Ford took a position in the District's Student Accounting Department. In her memorandum in support of her motion, Ford stated she "did not have any major problems with her co-workers in the Student Accounting Department for several years."

[4] To the extent Ford bases her Title VII and ADA claims on events that took place after June 30, 2008, the Court notes that Ford failed to file a charge of discrimination with respect to most, if not all, of them. *See Richter*, 686 F.3d at 851. Notwithstanding Ford's assertions at the motion hearing, the Federal Rules of Civil Procedure do not permit her to ignore the exhaustion requirement or to raise issues not fairly embraced by her Complaint without amending or supplementing her pleading, *see* Fed. R. Civ. P. 15. Her assertion that the District delayed her final paycheck is arguably raised in her May 5 charge of discrimination. In it, she mentioned that the District had withheld her pay. Assuming that Ford exhausted her claims with respect to her final paycheck, the Court concludes that Ford failed to point to any evidence indicating that discrimination or retaliation played a part in the delayed issuance of the check.

Equitable estoppel does not apply "unless 'the employee's failure to file in timely fashion is the consequence of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Dring*, 58 F.3d at 1329 (quoting *Kriegesmann v. Barry-Wehmiller Co.*, 739 F.2d 357, 358-59 (8th Cir. 1984) (per curiam)); *see Jenkins*, 646 F.3d at 1028. The plaintiff bears the burden of proving entitlement to equitable estoppel. *Jenkins*, 646 F.3d at 1028; *see Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990).

To support her assertion of equitable estoppel, Ford relies on a meeting she had with Cassandra Ward Brown, who was the District's Director of the Office of Diversity and Equal Opportunity,[5] on May 22, 2008. During that meeting, Ford told Ward Brown about financial improprieties in the English Language Learners Department. Ford also claimed that she had experienced harassment and discrimination. In an affidavit dated July 5, 2012, Ford asserted: "[Ward Brown] told me that she was a 'neutral' party to my dispute and that she would preserve my rights and civil rights related to my Complaint and that she would guide me through the process." Ford also asserted: "Because [Ward Brown] told me that my rights were preserved, I did not go to the EEOC or file any other lawsuit because I assumed she was investigating my case and that my rights had been protected as she had said." Frustrated that she had not heard anything from Ward Brown, Ford contacted the Minneapolis Department of Civil Rights on May 5, 2009. That day, she filed a charge of discrimination.

The facts proffered by Ford do not support application of equitable estoppel in this case. Although Ward Brown allegedly stated that she would preserve Ford's rights, Ward Brown's disclosure of a process through which Ford would be guided revealed that action on Ford's part

---

[5] After her meeting with Ford, Ward Brown took a position in the District's Office of the District General Counsel.

4

was necessary to pursue her claims. In addition, James Burroughs, the District's Director of the Office of Diversity and Equal Opportunity, sent a letter dated October 3, 2008, to Ford. In that letter, Burroughs acknowledged that Ford had "filed a complaint with the Office of Diversity and Equal Opportunity alleging that [individuals] violated District Policy prohibiting harassment and/or discrimination and retaliation," that "[a] full, fair and impartial investigation was conducted," and that "the investigation is complete." After summarizing the conclusions reached as a result of the investigation, Burroughs reiterated that the investigation was complete: "As the investigation is complete, we will close our file." The disclosure that Ford would have to be guided through a process and the disclosure in October 2008—long before the deadline for Ford to file a charge of discrimination—of the investigation's completion and the closing of the file do not evince an attempt to lull Ford into inaction. Ford's failure to timely file a charge of discrimination is the consequence of neither a deliberate design by the District nor actions that the District should unmistakably have understood would cause her to delay filing the charge.[6] The Court rejects Ford's assertion of equitable estoppel.

In short, Ford did not exhaust her administrative remedies because she failed to timely file a charge of discrimination. The Court dismisses her Title VII and ADA claims.

*Section 1981*

"When raised directly against a state actor, a § 1981 claim must be brought under [42 U.S.C.] § 1983." *Jones v. McNeese*, 675 F.3d 1158, 1160 n.1 (8th Cir. 2012); *see Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989); *Chism v. Curtner*, 619 F.3d 979, 983 (8th Cir. 2010) ("A claim against a state actor under § 1981 must be asserted through § 1983.");

---

[6] The District argues that Ward Brown, in her capacity as Director of the Office of Diversity and Equal Opportunity, had no authority to waive its rights or to preserve the rights of employees. Having rejected Ford's assertion of equitable estoppel on other grounds, the Court need not consider this issue.

*McGovern v. City of Philadelphia*, 554 F.3d 114, 122 (3d Cir. 2009) ("[W]e join five of our sister circuits in holding that no implied private right of action exists against state actors under 42 U.S.C. § 1981."); *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000) ("We conclude . . . § 1983 contains the sole cause of action against state actors for violations of § 1981."); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998) ("A federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983."). The District is one of the largest public school districts in Minnesota. Ford did not assert her § 1981 claim under § 1983, and she acknowledged at the motion hearing that she had not asserted a claim under § 1983. Accordingly, the Court dismisses Ford's § 1981 claim. *See Enowmbitang v. Seagate Tech., Inc.*, 148 F.3d 970, 973 (8th Cir. 1998) (stating that a district court may grant summary judgment sua sponte and without prior notice if the losing party failed to state a claim).

### *Minnesota's whistleblower statute*

Ford's claim under Minnesota's whistleblower statute is within the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) (2006). A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). Having dismissed Ford's Title VII, ADA, and § 1981 claims, the Court declines to exercise supplemental jurisdiction over her whistleblower claim. *See Mo. Roundtable for Life v. Carnahan*, 676 F.3d 665, 678 (8th Cir. 2012); *Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008); *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005). The Court remands it to state court. *See Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

*Conclusion*

In short, the Court dismisses Ford's Title VII, ADA, and § 1981 claims. The Court remands Ford's whistleblower claim to state court. Accordingly, the Court grants in part and denies in part the District's Motion for Summary Judgment. The Court denies Ford's Motion for Partial Summary Judgment.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The District's Motion for Summary Judgment [Docket No. 79] is GRANTED IN PART and DENIED IN PART.

2. Ford's Motion for Partial Summary Judgment [Docket No. 90] is DENIED.

3. Counts II, III, IV, and V of Ford's Complaint are DISMISSED WITH PREJUDICE.

4. Count I of Ford's Complaint is REMANDED to the Fourth Judicial District of the State of Minnesota.

5. The Clerk of Court shall mail a certified copy of this Order to the clerk of the Fourth Judicial District of the State of Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 23, 2012

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge